[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff executor brings this action seeking the return of the security deposit paid by the plaintiff's decedent, Barbara Watson to the defendants. The plaintiff also seeks damages under C.G.S. § 47a-21 (d) and C.G.S. § 42-110g ("CUTPA"). The defendant Peter Sztaba[1] claims that the plaintiff owes rent and is liable for damages to the premises.
The court heard testimony from the plaintiff and his sister and the defendant. The court finds that on June 28, 1989, the defendants acknowledged receipt of a security deposit of $1550.00. On July 26, 1994, the plaintiff requested in writing the return of the security deposit. The defendants did not return any portion of the security deposit nor did they send the plaintiff an itemization of damages deducted from the security deposit
Under C.G.S. § 47a-21 (d)(4), after receiving written notice from the plaintiff, the defendant was obligated to send the plaintiff the security deposit plus interest and/or a written statement of the nature and amount of damages deducted from the security deposit. Since they failed to do so, they are liable for twice the security deposit or $3100. C.G.S. § 47a-21 (d)(2).
The defendants claim that because rent was due for June and July and because the plaintiff's decedent damaged the premises beyond wear and tear the plaintiff is not entitled to the return of the security deposit. Photographs were introduced and there CT Page 4021 was testimony by the defendant Peter Stzaba regarding the condition of the apartment upon vacancy. As to the claimed damages, the court finds that the defendants have failed to prove any violation of C.G.S. § 47a-11(f) for damages beyond the normal wear and tear of a five year tenancy.
The court further finds that there was no rent due for the months of June and July. The plaintiff's decedent died on May 1, 1994; the plaintiff's decedent's possessions were removed at the end of May. Additionally, there was no rental agreement beyond May.
Accordingly, the plaintiff is entitled to the return of the security deposit plus interest of $435.61.
The plaintiff has also claimed that he is entitled to damages under CUTPA due to the defendant's violation of C.G.S. §47a-21.[2] The court finds that the defendant has violated the security deposit statute which is a violation of public policy. The plaintiff suffered ascertainable loss in not receiving the security deposit plus interest. C.G.S. § 42-100g(a); Collazov. Dias, NH- 555 (5/23/91). However, the court does not award any punitive damages in light of the double damages it awarded under C.G.S. § 47a-21 (d). The plaintiff is also seeking an award of attorney's fees under C.G.S. § 47a-110g(d) in an amount in excess of $4200.
C.G.S. § 42-110g (d) authorizes the court to award "costs and reasonable attorney's fees based on the work reasonably performed by an attorney and not on the amount of recovery." Based upon this statutory authority, the court awards attorney's fees in the amount of $2500.
Judgment may enter in favor of the plaintiff as follows: $3100 damages plus interest of $435.61 plus attorney's fees under CUTPA of $2500 for a total of $6035.61 plus costs of $181.20.
Alexandra Davis DiPentima, Judge